**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| ROY MARROQUIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:25-cv-00258 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER TO**
**PLAINTIFF'S ORIGINAL PETITION**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Original Answer to Plaintiff's Original Petition (the "Petition") filed by Plaintiff Roy Marroquin ("Plaintiff"), and states as follows:

No response is required for the introductory Paragraph of the Petition. To the extent that a response is required, Lincoln denies that Plaintiff is entitled to a trial by jury under ERISA and has separately moved that the jury demand be struck.

## I. DISCOVERY CONTROL PLAN

1.1 Lincoln admits that by this action, Plaintiff is seeking recovery of alleged damages in excess of the amounts cited in the Petition, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1.1 of the Petition.

## II. PARTIES

2.1 Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 2.1 of the Petition.

2.2 Lincoln admits that it is an Indiana Corporation that is legally authorized to do business in the State of Texas and may be served through its registered agent in Texas. Lincoln denies all remaining allegations contained in Paragraph 2.2 of the Petition.

## III. JURISDICTION AND VENUE

3.1 Lincoln admits that the United States District Court for the Southern District of Texas has jurisdiction over this matter. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional basis gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3.1 of the Petition.

3.2 Lincoln admits that venue is proper in the United States District Court for the Southern District of Texas. Lincoln denies all remaining allegations contained in Paragraph 3.2 of the Petition.

3.3 Lincoln denies the allegations contained in Paragraph 3.3 of the Petition.

## IV. FACTUAL BACKGROUND

4.1 Lincoln admits that Doctor's Hospital At Renaissance, LTD ("Doctor's Hospital") sponsored a group disability plan (the "Plan") to provide short term disability ("STD") and long term disability ("LTD") benefits to certain employees of Doctor's Hospital. Lincoln admits that, at certain times, it was the insurer of STD and LTD benefits from the Plan through Group Disability Income Policy Number GD/GF3-890-468021-01 (the "Policy") issued to Doctor's

Hospital by Lincoln. Lincoln admits Plaintiff was, at certain times, an employee of Doctor's Hospital, and was, at certain times, a participant in the Plan. To the extent that the allegations contained in paragraph 4.1 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln admits Plaintiff submitted a claim for LTD benefits from the Plan under the Policy and that the claim number is 13469749. Lincoln denies all remaining allegations contained in Paragraph 4.1 of the Petition.

4.2 Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for STD and LTD benefits from the Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff was, at certain times, an employee of Doctor's Hospital as a Pharmacy Technician, and that Plaintiff's last day of work at Doctor's Hospital was April 7, 2022. Lincoln admits Plaintiff submitted claims for, and at certain times received, STD and LTD benefits from the Plan under the Policy. Lincoln admits it sent a letter to Plaintiff dated April 5, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. To the extent that the allegations contained in paragraph 4.2 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4.2 of the Petition.

4.3 Lincoln admits Plaintiff was, at certain times, an employee of Doctor's Hospital, and a participant in the Plan. Lincoln admits Plaintiff submitted claims for, and at certain times received, STD and LTD benefits from the Plan under the Policy. To the extent that the allegations contained in paragraph 4.3 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4.3 of the Petition.

4.4 Lincoln denies the allegations contained in Paragraph 4.4 of the Petition.

4.5 Lincoln denies the allegations contained in Paragraph 4.5 of the Petition.

4.6 Lincoln denies the allegations contained in Paragraph 4.6 of the Petition.

4.7 Lincoln denies the allegations contained in Paragraph 4.7 of the Petition.

4.8-4-10 There are no paragraphs in the Petition numbered 4.8 through 4-10.

4.11 (sic) Lincoln denies the allegations contained in Paragraph 4.11 of the Petition.

4.12 Lincoln denies the allegations contained in Paragraph 4.12 of the Petition.

4.13 Lincoln denies the allegations contained in Paragraph 4.13 of the Petition.

4.14 Lincoln denies the allegations contained in Paragraph 4.14 of the Petition.

4.15 Lincoln denies the allegations contained in Paragraph 4.15 of the Petition.

4.16 Lincoln denies the allegations contained in Paragraph 4.16 of the Petition.

## V. DEFENDANT'S LIABILITY

5.1 Lincoln incorporates its responses contained in Paragraphs 1.1 through 4.16 as if fully stated herein.

5.2-5.7 The allegations contained in Paragraphs 5.2-5.7 of the Petition are the subject of Defendant's Motion to Partially Dismiss filed concurrently with this Answer.

5.8 Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan pursuant to the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.*, but Lincoln denies Plaintiff is entitled to any such recovery. Lincoln admits that all state law causes of action are completely preempted by ERISA. Lincoln denies all remaining allegations contained in Paragraph 5.8 of the Petition.

5.9 Lincoln admits that it issued the Policy to Doctor's Hospital, which Policy, at certain times, insured STD benefits and LTD benefits from the Plan. Lincoln admits Plaintiff

was, at certain times, an employee of Doctor's Hospital, and was, at certain times, a participant in the Plan. To the extent that the allegations contained in paragraph 5.9 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 5.9 of the Petition.

5.10 Lincoln admits that Plaintiff's last day of work at Doctor's Hospital was April 7, 2022. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for STD and LTD benefits from the Plan under the Policy were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff submitted a claim for, and at certain times received, STD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 5.10 of the Petition.

5.11 Lincoln admits Plaintiff submitted claims for, and at certain times received, STD and LTD benefits from the Plan. Lincoln admits it sent a letter to Plaintiff dated April 5, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 5.11 of the Petition.

5.12 Lincoln denies the allegations contained in Paragraph 5.12 of the Petition.

5.13 Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan pursuant to ERISA, but Lincoln denies Plaintiff is entitled to any such recovery. Lincoln admits Plaintiff was, at certain times, an employee of Doctor's Hospital, and was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 5.13 of the Petition.

5.14 Lincoln admits Plaintiff submitted claims for, and at certain times received, STD and LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 5.14 of the Petition.

5.15 Lincoln admits that by this action, Plaintiff is seeking recovery of benefits, damages, attorney's fees, and a trial *de novo*, but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 5.15 of the Petition.

## VI. RESPONDEAT SUPERIOR

6.1 Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claims for STD and LTD benefits from the Plan under the Policy that is the subject of the above-styled action and that, as reflected in the administrative record, certain of its employees were involved in the decisions on Plaintiff's claim. Lincoln denies all remaining allegations contained in Paragraph 6.1 of the Petition.

## VII. WAIVER AND ESTOPPEL

7.1 Lincoln denies the allegations contained in Paragraph 7.1 of the Petition.

## VIII. DAMAGES

8.1 Lincoln admits that by this action Plaintiff is seeking to recover benefits, damages, and attorney's fees, but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 8.1 of the Petition.

8.2 Lincoln admits that by this action Plaintiff is seeking to recover benefits, damages, and attorney's fees, but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 8.2 of the Petition.

Lincoln admits that by this action Plaintiff is seeking to recover benefits and other damages, but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies that

Plaintiff is entitled to a trial by jury under ERISA and moves that the jury demand be struck. Lincoln denies all remaining allegations contained in unnumbered paragraph following Paragraph 8.2 of the Petition.

8.3 Lincoln admits that by this action Plaintiff is seeking to recover benefits, damages, and attorney's fees, but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 8.3 of the Petition.

**VIX.(sic) PRAYER**

9.1 Lincoln denies all allegations contained in the Prayer of the Petition and denies all allegations contained in the Petition not specifically admitted herein. Lincoln specifically denies that Plaintiff is entitled to a trial by jury under ERISA and moves that the jury demand be struck.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for further LTD benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard. Moreover, Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset

and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff has failed to satisfy conditions precedent to recovery of LTD benefits under the Policy, as Plaintiff has not exhausted required administrative remedies with regard to any claim for LTD benefits.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: June 6, 2025.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Timothy A. Davis
Email: timm@tdavislawpc.com

June 6, 2025 /s/ Iwana Rademaekers
Date Iwana Rademaekers