**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| ROY MARROQUIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:25-cv-00258 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**JOINT REPORT OF THE MEETING AND**
**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**under Rule 26(f) of the**
**Federal Rules of Civil Procedure**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Counsel for the parties conferred via electronic mail on June 18, 2025. Timm Davis attended on behalf of Plaintiff and Iwana Rademaekers attended on behalf of Defendant.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None.

3. **Briefly describe what this case is about.**

   **Plaintiff's Statement:** Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover additional long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by his former employer Doctor's Hospital At Renaissance, LTD (the "Plan"). Through a group policy of insurance, Lincoln funds LTD benefits payable under the Plan and provides certain claims administrative services. Lincoln notified Plaintiff of its determination that Plaintiff no longer meets the definition of "totally disabled" under the terms of the Plan, and therefore, his LTD benefits were terminated. Plaintiff disputes that determination and seeks to recovery LTD benefits.

   **Defendant's Statement:** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits was not an abuse of discretion. Alternatively, any recovery by Plaintiff must be

reduced by other income earned by Plaintiff, including income from the Social Security Administration.

**4. Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this matter pursuant to 29 U.S.C. §1132(c) in that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. as Plaintiff seeks benefits under an ERISA employee welfare benefit plan.

**5. Name the parties who disagree with the jurisdictional allegations and state their reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and which parties desire their inclusion.**

None at this time.

**7. List anticipated interventions.**

None at this time.

**8. Describe class-action issues.**

None at this time.

**9. State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

This is an action for review on the administrative record, which is exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(i). The complete administrative record is being produced by Defendant to Plaintiff.

**10. Describe the discovery plan agreed by the parties by stating:**

A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

Plaintiff's claims are governed by ERISA. Because the abuse of discretion standard is the appropriate standard of review in this action, discovery should be limited to the administrative record relevant to Plaintiff's claim for benefits and possibly the degree of any conflict by Defendant be appropriate in this action.

Defendant will produce the complete administrative record to Plaintiff by July 25, 2025, and the Parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

To Defendant prior to August 22, 2025.

C. **When and to whom the defendant anticipates it may send interrogatories.**

To Plaintiff prior to August 22, 2025.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Unknown at this time. Plaintiff will be in a better position to make this decision once written discovery is complete.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

None at this time.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate response experts and provide their reports.**

Plaintiff will designate experts on or before November 4, 2025.

Defendant will designate experts on or before November 18, 2025.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of Defendant's experts, if any, within sixty (60) days of their designation.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the deposition of Plaintiff's expert within sixty (60) days of their designation.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

The parties anticipate that discovery can be reasonably completed on or before January 28, 2026.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

The parties have discussed settlement offers and negotiations are ongoing.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

See response to paragraph 14.

16. **From the attorneys' discussion with their client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The Parties believe mediation will be most effective after the completion of discovery and prior to the dispositive motion deadline.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

All parties do not consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

No jury demand was made.

19. **Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take 8-12 hours to present the evidence in this case, if a trial is needed .

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

21. **List other pending motions.**

Defendant's Motion to Partially Dismiss Plaintiff's Original Petition

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

**23. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**For the Plaintiff:**
Timm Davis
State Bar of Texas No. 0070570
S.D. of Texas No. 37089
DAVIS LAW, P.C.
3016 N. McCo11 Road, Suite B
McAllen, Texas 78501
PH: (956) 540-7807
Email: timm@tdavislawpc.com

**Defendant**
Iwana Rademaekers
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Dated: June 19, 2025

Respectfully submitted,

By: /s/ Timm Davis (w/permission)
Timm Davis
State Bar of Texas No. 0070570
S.D. of Texas No. 37089
DAVIS LAW, P.C.
3016 N. McCo11 Road, Suite B
McAllen, Texas 78501
PH: (956) 540-7807
Email: timm@tdavislawpc.com

ATTORNEYS FOR PLAINTIFF

- AND -

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.

17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Timothy A. Davis
Email: timm@tdavislawpc.com

June 19, 2025 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers